# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SHANA PHILLIPS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 5:24-cv-01429-MHH** |
| | } | |
| **HOMTEX INC**, *et al.*, | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Shana Phillips has sued her former employers, Homtex, Inc. and DB Technologies, LLC. (Doc. 10). Ms. Phillips alleges that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Occupational Safety and Health Act, and federal and state equal pay statutes. (Doc. 10, pp. 20–92). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants have moved to dismiss Ms. Phillips's claims. (Doc. 12). Ms. Phillips has moved to strike the defendants' motion because the motion does not comply with the initial order in this matter. (Doc. 16, p. 32). This opinion addresses the parties' motions.

## I.

Rule 12(b)(6) allows a defendant to move to dismiss claims within a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint

against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In deciding a Rule 12(b)(6) motion to dismiss, a court must view the allegations in a complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  A court must accept well-pleaded facts as true.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  In deciding a motion to dismiss, a court may consider a written document attached to the complaint as an exhibit the document "is central to the plaintiff's claims and is undisputed in terms of authenticity."  *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

## II.

Here, Ms. Phillips alleges, and the Court accepts as true, that DB Tech "is an advanced engineering and manufacturing business that specializes in employing high strength fiber reinforced materials such as carbon, aramid and ceramics" for use in "nuclear, automotive, military, oil, and gas markets." (Doc. 10, p. 5, ¶¶ 16–17). "Homtex manufactures and distributes textile products for use in the home textiles, hospitality, apparel, and automotive industries." (Doc. 10, pp. 3–4, ¶ 11). Homtex bought DB Tech in October of 2023. (Doc. 10, pp. 5, 10, ¶¶ 15, 38).

In 2022, DB Tech hired Ms. Phillips, a white female, as an "infusion carbon technician." (Doc. 10, pp. 1, 9, ¶ 34). An infusion carbon technician "specializes in the manufacturing of carbon fiber composite parts using the resin infusion process, where carbon fiber fabric is placed in a mold [and] vacuum sealed, and then resin is pulled through to saturate the fibers, creating a high-quality, strong composite part with minimal voids." (Doc. 10, p. 9, ¶ 34). Carbon manufacturing produces toxic emissions, so carbon manufacturers "employ various pollution control technologies" to control toxic emissions and protect workers. (Doc. 10, pp. 7–9, ¶¶ 27–33).

Ms. Phillips made $17.00 per hour working for DB Tech. (Doc. 10, p. 15, ¶ 71). She "did not receive pay equal to her co-workers in the same position," and Homtex did not increase her pay. (Doc. 10, p. 15, ¶¶ 72–74). Ms. Phillips trained new employees who started working at the rate of $20.00 per hour. (Doc. 10, p. 15,

¶ 75). She complained about her pay to her supervisor, Robert Johnson, and she stated that "she needed a pay increase due to her co-workers making more money than her in the same position." (Doc. 10, pp. 7, 16, ¶¶ 23, 76–77). Homtex paid one male coworker, Stephen Hollis, more than Ms. Phillips even though the two had the same position. (Doc. 10, p. 16, ¶ 78).

In February of 2024, Ms. Phillips complained to Mr. Johnson "about her safety concerns working within the manufacturing plant due to the airflow and ventilation." (Doc. 10, pp. 10, 11, ¶¶ 35, 43). Mr. Johnson and DB Tech management did not give Ms. Phillips a respirator for air filtration, but Angelica Thomason, a Hispanic coworker with the same position as Ms. Phillips, received a respirator. (Doc. 10, pp. 10, 11–12, ¶¶ 36, 47–48, 52).[1] According to Ms. Phillips, she had complained to management "about safety issues throughout her employment about the proper air flow due to the paint aerosols by her workstation." (Doc. 10, p. 11, ¶ 44). She "complained to management about the air filtration issue for over a solid year while working for DB Tech and Homtex," and she emailed management about "her concerns about the lack of care for the employees' safety." (Doc. 10, p. 13, ¶ 56).

In November of 2023, after Homtex acquired DB Tech, Ms. Phillips's "co-workers let a mixture of resins that was smoking in a five (5) gallon bucket ready to

---

[1] Ms. Phillips refers to Ms. Thomason as Ms. Villalobos, but the defendants indicate that Ms. Villalobos goes by Ms. Thomason. (Doc. 12, p. 9 n.6). The Court refers to Ms. Villalobos as Ms. Thomason.

exotherm three (3) feet from her workstation," and Ms. Phillips "had to run and get water to pour on it before it caught fire." (Doc. 10, p. 14, ¶ 60). Ms. Phillips asked management about the implosion of a degassing bucket, and Mr. Johnson "walked off upset due to [Ms. Phillips] asking this question to management." (Doc. 10, p. 11, ¶¶ 45–46).[2] Ms. Phillips also complained to Mr. Johnson about an "electrical issue with a buffer that was shocking her while working," but "nothing was ever done to fix it for months." (Doc. 10, p. 13, ¶ 55). Before Homtex acquired DB Tech and again in February of 2024, Ms. Phillips reported safety violations to the Occupational Safety and Health Administration. (Doc. 10, pp. 13–14, ¶¶ 58–59).

In October of 2023, Ms. Phillips "requested better lighting to perform her work." (Doc. 10, p. 11, ¶ 47). Mr. Johnson did not install new lighting for Ms. Phillips, but he did so for Ms. Thomason. (Doc. 10, pp. 11–12, 18, ¶¶ 47, 92–93). Mr. Johnson "ignored" Ms. Phillips "when she asked him important questions pertaining to her employment." (Doc. 10, p. 12, ¶ 51). Mr. Johnson "harassed" Ms. Phillips by "making her clean the toilets" even though her job did not require this work. (Doc. 10, p. 12, ¶ 51). Mr. Johnson did not make Ms. Thomason and Mr. Hollis clean toilets. (Doc. 10, pp. 12, 16, ¶¶ 51, 79). Mr. Johnson allowed Ms. Thomason to take "excessive" smoke breaks and "stand around on her cellphone

---

[2] From the face of Ms. Phillips's complaint, it is not clear whether her allegations about the smoking five-gallon bucket and the implosion of the degassing bucket refer to the same incident.

while working," but Mr. Johnson did not allow Ms. Phillips to use her cellphone at work. (Doc. 10, p. 13, ¶ 54).

In addition, Mr. Johnson made Ms. Phillips clean floors, cross-trained all employees except Ms. Phillips, singled out Ms. Phillips in front of other employees, "attacked" Ms. Phillips "verbally" by calling her a "dog," and when she stood up to him, told Ms. Phillips "that she was not special like" Ms. Thomason, and treated other employees better than Ms. Phillips. (Doc. 10, pp. 14–15, ¶ 63; *see also* Doc. 10, p. 19, ¶¶ 96, 99). Mr. Johnson did not call Ms. Thomason and Mr. Hollis a "dog," and he cross-trained Ms. Thomason and Mr. Hollis. (Doc. 10, pp. 16, 17, 19, ¶¶ 80, 82, 97). Mr. Johnson did not make Ms. Thomason clean floors. (Doc. 10, p. 17, ¶ 81). According to Ms. Phillips, she "raised her concerns" about safety, harassment, and unequal pay "many times" to DB Tech and Homtex. (Doc. 10, pp. 14, 15, ¶¶ 61–62, 66, 69–70). On one occasion, a human resources employee cut off Ms. Phillips when she attempted to complain about Mr. Johnson's conduct. (Doc. 10, pp. 17–18, ¶¶ 85–87).

DB Tech had an attendance policy. (Doc. 10, p. 10, ¶ 37). When Homtex purchased DB Tech, the attendance policy changed. (Doc. 10, p. 10, ¶ 39). The Homtex policy required Ms. Phillips to give Mr. Johnson notice "with the proper paperwork when she needed to take off work." (Doc. 10, p. 10, ¶ 40). Ms. Phillips "gave management all written excuses and documentation for her not being able to

make it to" work. (Doc. 10, p. 10, ¶ 41). Through Mr. Johnson, Ms. Phillips requested days off in advance. (Doc. 10, p. 11, ¶ 42). Ms. Phillips alleges that Ms. Thomason "was treated more favorably by management." (Doc. 10, p. 12, ¶ 49). When Ms. Thomason put in for days off, "she was approved immediately." (Doc. 10, p. 12, ¶ 50). Ms. Phillips requested three days off in February of 2024. (Doc. 10, p. 13, ¶ 53). Mr. Johnson approved Ms. Phillips's time off, but he later terminated her "due to her attendance" without "oral discipline" or a "write up." (Doc. 10, pp. 13, 17, 19, ¶¶ 53, 83, 100). Homtex did not follow its termination policy when it terminated Ms. Phillips. (Doc. 10, p. 20, ¶ 103). The defendants did not discipline or terminate Mr. Hollis for attendance. (Doc. 10, p. 16, ¶ 80).

Ms. Phillips filed "charges" of discrimination and retaliation with the Equal Employment Opportunity Commission. (Doc. 10, p. 4, ¶ 13). Copies of these charges do not appear in the record. On July 12, 2024, the EEOC issued Ms. Phillips a right-to-sue letter. (Doc. 10-1). On October 14, 2024, Ms. Phillips filed this lawsuit. (Doc. 1). In her second amended complaint, Ms. Phillips asserts claims against DB Tech and Homtex under Title VII for sex discrimination, race discrimination, and retaliation, and for subjecting her to a hostile work environment. (Doc. 10, pp. 20–39). She asserts claims against DB Tech and Homtex under Section 1981 for "Race Discrimination," "Discrimination – Demotion and Retraction of Duties," "Discrimination – Harassment/Hostile Work Environment," "Retaliation,"

and "Deprivation of Due Process." (Doc. 10, pp. 39–71). She also asserts claims against DB Tech and Homtex for violating the Occupational Safety and Health Act, the Equal Pay Act, and Alabama's Clarke-Figures Equal Pay Act. (Doc. 10, pp. 72–92).

## III.

### A.

The initial order in this matter provides guidance to the parties concerning procedural and common administrative questions. (Doc. 2). Among other provisions, the initial order states: "Documents that the parties file shall use Times New Roman Font and 14-point font; footnotes may be in 12-point font. . . . The party filing a motion shall indicate on the first page of the motion whether the motion is opposed or unopposed and whether the party requests oral argument." (Doc. 2, pp. 6–7).

Ms. Phillips asks the Court to strike the defendants' motion to dismiss because the defendants' attorney prepared the motion using 12-point font. (Doc. 16, p. 32). Ms. Phillips points out correctly that the defendants' motion does not comply with the initial order. Ms. Phillips's hands are not clean when it comes to compliance with the initial order. Ms. Phillips did not indicate on the first page of her motion to strike whether the defendants oppose her motion. (*See* Doc. 2, p. 7; Doc. 16, p. 1).

8

Accordingly, the Court will not strike the defendants' motion, and the parties shall refer to the initial order for guidance when preparing and filing documents.[3]

## B.

The defendants argue that Ms. Phillips did not timely file her Title VII claims. (Doc. 12, pp. 10–11; Doc. 17, p. 7).[4]  A plaintiff must file a Title VII claim in court "within ninety days after the giving of [] notice [that] a civil action may be brought against the respondent named in the [EEOC] charge."  42 U.S.C. § 2000e-5(f)(1). "Once a defendant contests the issue of whether the complaint was filed timely, the plaintiffs bear the burden of showing that they have met the requirement."  *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (per curiam) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002)).

Ms. Phillips alleges that she filed "charges" of discrimination and retaliation with the EEOC and that the EEOC issued a right to sue letter on July 12, 2024.  (Doc. 10, p. 4, ¶¶ 13–14).  Ms. Phillips filed her complaint in this action on October 14,

---

[3] In addition, two sentences on page 12 of Ms. Phillips's response brief appear to quote *Sapp v. Potter*, 413 Fed. Appx. 750, 752–53 (5th Cir. 2011).  (*See* Doc. 16, p. 12).  Ms. Phillips's attorney has not placed quotations around these sentences, nor has her attorney cited the *Sapp* decision. Three sentences on page 12 of Ms. Phillips's brief appear nearly identical to text found online. (*Compare* Doc. 16, p. 12, *with Supreme Court Finds Exception to EEOC Pre-Suit Filing Requirement*, THATCHER ZAVARO & MANI EMP. L. SOLS. (June 19, 2019), https://www.thatcherlaw.com/blog/2019/06/supreme-court-finds-exception-to-eeoc-pre-suit-filing-requirement/).  Ms. Phillips's attorney has neither quoted nor cited this webpage.  In future filings, Ms. Phillips's attorney shall please provide appropriate citations to the contentions therein.

[4] Ms. Phillips has asserted Title VII claims for disparate treatment based on her sex and race, for retaliation, and for subjugation to a hostile work environment.  (Doc. 10, pp. 20–39, ¶¶ 106–249).

2024. (Doc. 1). In her response to the defendants' motion to dismiss, Ms. Phillips states that she "did not receive the letter to her home by mail until July 15, 2024." (Doc. 16, p. 12). Ms. Phillips does not cite an allegation in her complaint in support of this contention. (*See* Doc. 16, p. 12). Ms. Phillips's right-to-sue letter applies only to "Charge No. 420-2024-02644," (Doc. 10-1, p. 1), but the letter and Ms. Phillips's amended complaint do not specify which claims this charge addresses. The EEOC provided a copy of the letter to Krista Kinland, who appears to be a human resources employee for Homtex. (Doc. 10-1, p. 2; Doc. 10, p. 17, ¶¶ 85–86). Based on the allegations in Ms. Phillips's second amended complaint, the right-to-sue letter does not appear to apply to Ms. Phillips's Title VII claims against DB Tech. If Ms. Phillips wishes to pursue her Title VII claims against Homtex and DB Tech, then Ms. Phillips shall please amend her complaint to specify the substance of her administrative charges, for which charges the EEOC has issued right-to-sue letters, and when she received the letters from the EEOC. Mr. Phillips shall attach to an amended complaint her right-to-sue letters. For the claims to which the July 12, 2024 letter applies, Ms. Phillips has timely filed her lawsuit.[5]

---

[5] Because her ninety-day window to file a lawsuit closed on Sunday, October 13, 2024, Rule 6 of the Federal Rules of Civil Procedure permitted Ms. Phillips to file her lawsuit on October 14, 2024. Fed. R. Civ. P. 6(a)(1)(C) (noting time period "stated in days . . . continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

### C.

Section 1981 prohibits racial discrimination in the making and enforcement of employment contracts. 42 U.S.C. § 1981(a); *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024) (citation omitted). Pursuant to Section 1981, Ms. Phillips has asserted claims for race discrimination, discrimination in the form of demotion and retraction of duties, hostile work environment, retaliation, and deprivation of due process. (Doc. 10, pp. 39–71, ¶¶ 250–504). The defendants argue that Ms. Phillips has not sufficiently pleaded Section 1981 claims. (Doc. 12, pp. 12–14).[6]

### 1.

To succeed on a race discrimination or retaliation claim, "a plaintiff can use direct evidence, circumstantial evidence, or both" to show that a defendant

---

[6] Ms. Phillips's fifth and sixth claims for relief, which allege race discrimination and discrimination based on demotion and retraction of duties, contain identical allegations. (*Compare* Doc. 10, pp. 39–45, ¶¶ 250–97, *with* Doc. 10, pp. 45–50, ¶¶ 298–345). Ms. Phillips has not alleged that the defendants demoted her or retracted her duties. Therefore, the Court dismisses without prejudice Ms. Phillips's sixth claim for relief. If Ms. Phillips wishes to pursue a race discrimination claim under Section 1981 based on an alleged demotion or the retraction of her duties, then Ms. Phillips may amend her complaint to include these allegations.

Ms. Phillips has styled her ninth claim for relief as a claim under Section 1981 for the deprivation of her due process rights. (Doc. 10, pp. 64–71, ¶¶ 448–504). Section 1981 does not protect an individual's due process rights. *See* 42 U.S.C. § 1981. The allegations in Ms. Phillips's ninth claim for relief appear nearly identical to those included in her other employment discrimination claims. Because her ninth claim for relief appears duplicative of her other employment discrimination claims, the Court dismisses this claim without prejudice. If Ms. Phillips wishes to assert claims for the violation of her constitutional right to due process, then Ms. Phillips shall please plead her constitutional claim under the appropriate legal authority.

discriminated against them or retaliated against them for opposing unlawful employment practices. *See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944 (11th Cir. 2023) (citation omitted); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307, 1310 (11th Cir. 2023).[7]  A plaintiff proceeding with circumstantial evidence may present "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *See Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1197 (11th Cir. 2024) (internal quotation marks and quotation omitted); *Berry*, 84 F.4th at 1310.

"A plaintiff proving [their] case through the convincing mosaic standard may point to any relevant and admissible evidence. . . . 'no matter its form, so long as the circumstantial evidence raises a reasonable inference that the employer discriminated against the plaintiff.'" *Tynes*, 88 F.4th at 946 n.2.  "Evidence that is likely to be probative is 'evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext.'" *Tynes*, 88 F.4th at 946 n.2 (quotation omitted); *see also Akridge*, 93 F.4th at 1198 (citation omitted).

---

[7] Under Title VII and Section 1981, claims for race discrimination, retaliation, and hostile work environment "'have the same requirements of proof and utilize the same analytical framework.'" *Smelter v. S. Home Care Servs., Inc.*, 904 F.3d 1276, 1283, 1283 n.3 (11th Cir. 2018) (quotation and citation omitted).

Ms. Phillips's allegations focus on the "'systematically better treatment of'" Ms. Thomason, a Hispanic woman who held the same position as Ms. Phillips. *See Tynes*, 88 F.4th at 946 n.2 (quotation omitted); (Doc. 10, pp. 11 – 12, ¶¶ 47, 52). While working for DB Tech and Homtex, Ms. Phillips requested and did not receive better lighting, but Mr. Johnson installed new lighting for Ms. Thomason. (Doc. 10, pp. 11–12, 18, 55–56, ¶¶ 47, 92–93, 384–85). After Homtex purchased DB Tech, when Ms. Phillips complained about airflow and ventilation, Mr. Johnson did not provide her with a respirator. (Doc. 10, pp. 10, 11, ¶¶ 35–36, 43). Ms. Thomason received a respirator. (Doc. 10, p. 12, ¶ 48). As for her other allegations of unequal treatment, Ms. Phillips does not indicate whether the unequal treatment occurred before or after Homtex acquired DB Tech.

Still, Ms. Phillips alleges that she "raised her concerns" about mistreatment "many times" to DB Tech and Homtex, but management never resolved her complaints. (Doc. 10, pp. 14, 15, 19, ¶¶ 61–62, 66, 69–70, 95). On one occasion, a human resources employee cut off Ms. Phillips when she attempted to complain about Mr. Johnson. (Doc. 10, pp. 17–18, ¶¶ 85–87). Ms. Phillips alleges that Homtex used her attendance as a pretext to terminate her because of her race. *See Tynes*, 88 F.4th at 946 n.2. Ms. Phillips complied with Homtex's attendance policy, but Mr. Johnson terminated her "due to her attendance" without "oral discipline" or a "write up." (Doc. 10, pp. 10–11, 13, 17, 19, ¶¶ 40–42, 53, 83, 100). Nor did

Homtex follow its termination policy when it terminated Ms. Phillips. (Doc. 10, p. 20, ¶ 103).

At this stage of litigation, Ms. Phillips's allegations suffice to provide fair notice to Homtex of her discrimination and retaliation claims against the company. *See Erickson*, 551 U.S. at 93 (citation omitted). As for Ms. Phillips's claims against DB Tech, the circumstances of this case present a unique fact pattern in which one defendant, Homtex, purchased the other defendant, DB Tech, at a specific point in time. Ms. Phillips has brought claims against both employers, but in many of her allegations, she has not specified whether the alleged unequal treatment and retaliatory conduct occurred when she worked for DB Tech or when she worked for Homtex. While Ms. Phillips need not plead specific facts, as her complaint stands, she has not alleged sufficient facts to provide fair notice to DB Tech of her discrimination and retaliation claims against it. *See Erickson*, 551 U.S. at 93 (citation omitted).

## 2.

"To succeed on a racially hostile work environment," Ms. Phillips "must prove: (1) she belongs to a protected class, (2) she experienced unwelcome harassment, (3) the harassment was based on her race, (4) the harassment was sufficiently severe or pervasive to alter the terms of her employment, and (5) employer responsibility under a theory of vicarious or direct liability." *Yelling v. St.*

*Vincent's Health Sys.*, 82 F.4th 1329, 1334–35 (11th Cir. 2023) (per curiam) (citing *Smelter*, 904 F.3d at 1284).  The Eleventh Circuit's decision in *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240 (11th Cir. 2014), illustrates the high bar a plaintiff must meet to show that the defendant engaged in severe and pervasive harassment. *See generally* 754 F.3d 1240 (discussing standard at summary judgment stage).  As discussed, Ms. Phillips has not tied many of her allegations of harassment to Homtex or DB Tech.  Ms. Phillips has tied only two allegations of harassment—her assertion that Mr. Johnson provided Ms. Thomason, but not Ms. Phillips, with a respirator and lighting—to Homtex or DB Tech.  While Ms. Phillips need not plead specific facts, *see Erickson*, 551 U.S. at 93 (citation omitted), in the circumstances of this case, the allegations in her second amended complaint do not suffice to state a hostile work environment claim against either defendant.

## D.

Ms. Phillips asserts that the defendants retaliated against her after she reported safety violations to OSHA.  (Doc. 10, pp. 72–86).  The defendants argue that Ms. Phillips has not stated a claim under the Occupational Safety and Health Act because the Act does not authorize individuals like Ms. Phillips to bring lawsuits enforcing the Act's workplace protections.  (Doc. 12, pp. 15–16).[8]

---

[8] Ms. Phillips does not respond to the defendants' argument.

OSHA provides that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint" concerning workplace safety violations. 29 U.S.C. § 660(c)(1). An employee "who believes that he has been discharged or otherwise discriminated against" in violation of the Occupational Safety and Health Act may file a complaint with the Secretary of Labor. § 660(c)(2). If "the Secretary determines that" the employer violated the Occupational Safety and Health Act, then the Secretary "shall bring an action in any appropriate United States district court against" the employer. § 660(c)(2).

As the statute indicates, OSHA vests the Secretary of Labor with the authority to sue an employer for safety violations. *See* § 660(c)(2). The act does not confer on Ms. Phillips a private right of action to redress safety violations. *See* § 660(c)(2); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976 (5th Cir. 1975) ("Nowhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms.").[9] Because the Occupational Safety and Health Act does not permit Ms. Phillips to bring a lawsuit

---

[9] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (stating that cases decided before October 1, 1981 are binding precedent for the Eleventh Circuit Court of Appeals). Other appellate courts also have held that the Act does not create a private right of action. *See, e.g.*, *Taylor v. Brighton Corp.*, 616 F.2d 256, 264 (6th Cir. 1980) (holding "that there is no private right of action under" § 660(c)).

concerning retaliation for reporting safety violations, Ms. Phillips has not stated a claim for relief under the statute.[10]

### E.

The Equal Pay Act provides:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1). To succeed on an Equal Pay Act claim, "a plaintiff must show 'that an employer pays different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."'" *Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312, 1317 (11th Cir. 2024) (quotation and citation omitted).[11]

---

[10] Ms. Phillips also alleges that "Homtex and DB Tech retaliated against [her] for voicing her constitutional rights against safety violations." (Doc. 10, p. 85, ¶ 580). Ms. Phillips has not alleged which provision of the Constitution secures her right to voice safety violations. In any event, if Ms. Phillips wishes to assert a constitutional claim, she must bring her claim under the Constitution, not the Occupational Safety and Health Act. She also must explain which law supports a constitutional claim against private actors like Homtex and DB Tech.

[11] If a plaintiff makes this showing, then the burden shifts to the employer "to prove that the difference in pay is justified by one of the four exceptions in the Equal Pay Act" provided in the statute. *Baker*, 94 F.4th at 1317 (internal quotation marks and quotation omitted).

The defendants do not appear to challenge Ms. Phillips's Equal Pay Act claim against Homtex.  (*See* Doc. 12, pp. 17, 18).  DB Tech argues that Ms. Phillips has not alleged that DB Tech paid a male employee more than it paid her for equal work.  (Doc. 12, p. 18).  Ms. Phillips alleges that DB Tech paid her $17.00 per hour and that Mr. Hollis made more than Ms. Phillips even though the two employees had the same position.  (Doc. 10, pp. 15, 16, ¶¶ 71, 78).  Ms. Phillips also alleges that she "received less pay than Hollis for equal work at DB Tech and Homtex because of sex."  (Doc. 10, p. 92, ¶ 45).  Because Ms. Phillips has alleged that DB Tech and Homtex paid Mr. Hollis more money than the defendants paid her for performing the same work, Ms. Phillips has stated a claim against DB Tech under the Equal Pay Act.

Alabama law prohibits employers from paying an employee less than "employees of another sex or race for equal work within the same establishment on jobs the performance of which requires equal skill, effort, education, experience, and responsibility, and performance under similar working conditions," except where the employer makes payment based on a "seniority system," a "merit system," a "system that measures earnings by quantity or quality of production," or a "differential based on any factor other than sex or race."  ALA. CODE § 25-1-30(b).  An employee bringing a pay discrimination claim under Alabama law "must plead with particularity in demonstrating both of the following:  (1) The employee was paid less

than someone for equal work despite possessing equal skill, education, experience, and responsibility[;] [and] (2) The applicable wage schedule at issue was or is not correlated to any" of the conditions described above. ALA. CODE § 25-1-30(f).

As discussed, Ms. Phillips has alleged that she and Mr. Hollis shared the same position and performed equal work. (Doc. 10, pp. 16, 92, ¶¶ 78, 45). Ms. Phillips also has alleged that she and Mr. Hollis had the same level of seniority. (Doc. 10, p. 92, ¶ 46). Ms. Phillips has not alleged that she and Mr. Hollis possessed "equal skill, education, [and] experience," and she has not alleged that her unequal pay "was or is not correlated to" a "merit system," a "system that measures earnings by quantity or quality of production," or a "differential based on any factor other than sex or race." ALA. CODE § 25-1-30(b), (f). If Ms. Phillips wishes to pursue her payment discrimination claim under Alabama law, then she must meet the heightened pleading standard codified in Alabama Code § 25-1-30(f).[12]

## IV.

Accordingly, the Court denies Ms. Phillips's motion to strike. The Court grants in part and denies in part the defendants' motion to dismiss. The Court dismisses without prejudice Ms. Phillips's Title VII claims. The Court dismisses

---

[12] Ms. Phillips has pleaded her payment discrimination claims under federal and state law together under one claim for relief. (Doc. 10, pp. 86–92). Many of the allegations in this claim for relief appear related to Ms. Phillips's other discrimination claims, not her payment discrimination claims. (*See* Doc. 10, pp. 86–92). If Ms. Phillips wishes to amend her complaint, she should omit from her claims for payment discrimination extraneous allegations not relevant to her payment discrimination claims.

without prejudice Ms. Phillips's Section 1981 discrimination, retaliation, and hostile work environment claims against DB Tech; her Section 1981 hostile work environment claim against Homtex; and her sixth and ninth claims for relief under Section 1981. The Court dismisses with prejudice Ms. Phillips's claim under the Occupational Safety and Health Act. The Court dismisses without prejudice Ms. Phillips's payment discrimination claims under Alabama law.

If Ms. Phillips wishes to pursue her Title VII claims, her dismissed Section 1981 claims, a constitutional claim for the deprivation of her right to due process, or her payment discrimination claims under Alabama law, then within 30 days, she shall please file an amended complaint addressing the deficiencies discussed in this opinion.

The Clerk of Court shall please TERM Doc. 12 and Doc. 16.

**DONE** and **ORDERED** this September 24, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

20